UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 13-30006-WRS
                                                         Chapter 7
THOMAS A. MERCER
MARY C. MERCER,

    Debtors

EFS INC.,

    Plaintiff                                          Adv. Pro. No. 13-3031-WRS

  v.

THOMAS A. MERCER JR.,

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on the Plaintiff's motion for default judgment on May 21, 2013. For the reasons set forth below, the motion is denied and the Plaintiff's complaint is dismissed with prejudice. The Plaintiff was present by counsel Zack M. Azar and the Defendant has not answered the complaint, nor did he appear in court.

## I. FACTS

The Debtor, Thomas A. Mercer, filed a Chapter 7 petition on January 2, 2013. (Case No. 13-30006, Doc. 1). EFS, Inc. filed a timely complaint initiating this adversary proceeding on February 12, 2013. (Doc. 1). EFS alleges in its complaint that it is owed $11,600.00, and it seeks a determination that its debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) (debts arising out of fraud are excepted from discharge).

EFS obtained a judgment on its debt on June 12, 2012, in proceedings brought in the Circuit Court for Montgomery County, Alabama, under Case No. CV-2011-900645. Paragraph 4 of the Stipulation and Judgment states that: "Mercer acknowledges that his actions constituted a knowing fraud, which would be and is non-dischargeable in the event Mercer were to file bankruptcy in the future and prior to the payment of the Judgment agreed to herein." (Doc. 1).

EFS filed a motion for default judgment on May 5, 2013, (Doc. 10), which was first set for hearing on May 7, 2013. At that hearing, the Court advised counsel for EFS that it would not accept a bare allegation of fraud but would require a showing of actual fraud. The Court advised counsel that some evidence should be provided and reset the matter for May 21, 2013. At the May 21 hearing, counsel for EFS appeared without any evidence except its "Stipulation and Judgment." Counsel for EFS maintains that the Stipulated Judgment is sufficient and that further evidence is not required. Counsel further stated that the judgment is preclusive here.

## II. LAW

This Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I). This is a final judgment.

**A. When considering a default judgment on a proceeding involving a debtor's discharge or the dischargeability of a debt, bankruptcy courts frequently inquire into the factual basis**

2

Default judgments are governed by Rule 55, Fed. R. Civ. P. A Court considering a motion for default judgment may set a hearing to "establish the truth of any allegation by evidence." Fed. R. Civ. P. Rule 55(b)(2)(C). Bankruptcy courts frequently inquire into the factual basis underpinning a claim that a debt is excepted from the debtor's discharge, or that discharge should be denied. E.g., Discover Bank v. Fuentes (In re Fuentes), 474 B.R. 497 (Bankr. S.D. Tex. 2012) (denying motion for default judgment determining nondischargeability and finding that complaint did not comply with Rule 7009); First Bankers Trust Co., N.A. v. Dade (In re Dade), 2012 WL 1556510 (Bankr. C.D. Ill. May 1, 2012) (denying motion for default judgment on nondischargeability complaint); American Gen. Fin. Serv., Inc., v. Rowell (In re Rowell), 440 B.R. 117 (Bankr. D. S.C. 2010) (denying motion for default judgment in proceeding to determine dischargeability pursuant to § 523(a)(2)(A)); Fleet Credit Card Serv., L.P. v. Macias (In re Macias), 324 B.R. 181 (Bankr. E.D. N.Y. 2004) (granting motion for default judgment after inquiring into underlying facts, notwithstanding the fact that the debtor did not appear at the hearing); Capital One Bank v. Bungert (In re Bungert), 315 B.R. 735 (Bankr. E.D. Wis. 2004) (denying motion for default judgment finding specific factual allegations of fraud to be lacking); Mega Marts, Inc. v. Trevisan (In re Trevisan), 300 B.R. 708 (Bankr. E.D. Wis. 2003) (denying motion for default judgment in favor of merchant with judgment under Wisconsin bad check statute); Riehm v. Park (In re Park), 272 B.R. 323 (Bankr. D. N.J. 2001) (denying motion for default judgment in proceeding to deny discharge pursuant to 11 U.S.C. § 727(a)(3) and (5)); Mercantile Bank v. Canovas, 237 B.R. 423 (Bankr. N.D. Ill. 1998) (granting in part and denying in part motion for default judgment); AT&T Universal Card Serv., Corp v. Sziel (In re Sziel),

206 B.R. 490 (Bankr. N.D. Ill. 1997) (denying motion for default judgment where creditor provided only conclusory allegations of fraud).

### B. The Stipulation of nondischargeability entered into by the Debtor in the State Court action is not preclusive

As set out in Part I above, the parties entered into a stipulation where "Mercer acknowledges that his actions constituted a knowing fraud, which would be and is non-dischargeable in the event Mercer were to file bankruptcy in the future and prior to the payment of the Judgment agreed to herein." (Doc. 1). As the stipulation was made part of the judgment, the Plaintiff here claims that it is preclusive and pleads collateral estoppel. This contention is incorrect for four reasons. First, the state court lacked subject matter jurisdiction to make a determination as to dischargeability. Second, as the dischargeability of Mercer's debt to EFS was not necessary to the resolution of the state court action, it is not preclusive here. Third, the stipulation is not binding here because it does not comply with 11 U.S.C. § 524(c). Fourth, public policy bars the enforcement of prepetition stipulations of nondischargeability.

<u>1. The State Court lacked subject matter jurisdiction to make a determination as to dischargeability.</u>

It is black letter law that federal courts have exclusive jurisdiction to make a determination of nondischargeability pursuant to 11 U.S.C. § 523(a)(2). 11 U.S.C. § 523(c); <u>St. Laurent v. Ambrose (In re St. Laurent)</u>, 991 F.2d 672, 676 (11th Cir. 1993). Thus, while the state court determinations of fact surrounding the existence of the debt itself are proper, any attempt

4

Case 13-03031    Doc 13    Filed 07/05/13    Entered 07/05/13 14:05:07    Desc Main
                    Document      Page 4 of 12

by a state court to bind the bankruptcy court on a finding of nondischargeability is void for lack of subject matter jurisdiction. Lopez v. Flores (In re Lopez), 2012 WL 3499444 (Bankr. S.D. Tex. Aug. 13, 2012) (holding that a state court judgment purporting to make determination of dischargeability under 11 U.S.C. § 523(a)(2) was void *ab initio* for want of subject matter jurisdiction); see also Mack v. Mills (In re Mills), 345 B.R. 598, 603 (Bankr. N.D. Ohio 2006) (holding that determination of nondischargeability made by state court was not entitled to preclusive effect because it lacked subject matter jurisdiction). The state court findings as to the merits of the debt remain a distinct matter from the dischargeability of that very debt. In re Chinin USA, Inc., 327 B.R. 325, 335 (Bankr. N.D. Ill. 2005) (quoting Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 195 (6th Cir. B.A.P. 2002)) ("Dischargeability of debt 'must be recognized as a matter separate from the merits of the debt itself . . . .'"). As the state court purported to make a determination of the dischargeability of the debt in question, it lacked subject matter jurisdiction to do so and that determination may not be given preclusive effect here.

### 2. The requirements for issue preclusion are not met here because it was not necessary for the State Court to make a determination of dischargeability

Issue preclusion, or collateral estoppel, may be invoked in bankruptcy court to avoid the "relitigation of facts actually and necessarily litigated in a state court action." Halpern v. First Ga. Bank (In re Halpern), 810 F.2d 1061, 1063 (11th Cir. 1987). Where the previous decision was delivered by a state court, the Court looks to that state's law on collateral estoppel. St. Laurent,

991 F.2d at 675–76.  Under Alabama law, collateral estoppel requires a showing of the following elements:

> (1) That an issue in a prior action was identical to the issue litigated in the present action;
> (2) That the issue was actually litigated in the prior action;
> (3) That resolution of the issue was necessary to the prior judgment; and
> (4) That the same parties are involved in the two actions.

Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala. 1995) (citations omitted).  The burden of proof rests on the party claiming collateral estoppel "to prove that the issue it is seeking to bar was determined in the prior adjudication." Walker v. City of Huntsville, 62 So.3d 474, 487 (Ala. 2010).

The plaintiff has failed to show that the elements of issue preclusion are met here.  The prior action between the parties was a civil action to collect a debt arising out of several dishonored checks. That is, the state court action was initiated to establish the existence of a debt.  In contrast, this action only seeks to have that debt not discharge in the current bankruptcy proceeding.  A determination as to the dischargeability of this debt was not necessary to establish the existence of the debt or Mercer's liability to EFS.  The stipulation regarding dischargeability in the judgment was wholly gratuitous.  Because the state court action did not necessitate the resolution of the dischargeability issue, it is not preclusive here.

> 3.  The stipulation regarding dischargeability is not enforceable because it does not comply with 11 U.S.C. § 524(c)

The Bankruptcy Code provides an elaborate regulatory scheme governing agreements based on dischargeable debts. 11 U.S.C. § 524(c). There are at least three reasons why the stipulation advanced by EFS here fails to comply with the requirements of § 524(c). First, the purported agreement, contained in the Stipulation and Judgment, does not comport with Official Forms No. B27 and B240A.[1] Indeed, it cannot be inferred from the context of the Stipulation and Judgment that there was an intent to enter into a reaffirmation agreement. Second, the Debtor did not receive the disclosures required by 11 U.S.C. § 524(k). See 11 U.S.C. § 524(c)(2). Third, the Court did not approve the agreement, as required by 11 U.S.C. § 524(c)(6).[2] Therefore, the stipulation is not a valid reaffirmation agreement and it does not operate to except the underlying debt from discharge. See Airlines Reporting Corp. v. Mascoll (In re Mascoll), 246 B.R. 697, 700-01 (Bankr. D. D.C. 2000) (holding that repayment agreement was invalid because it did not comply with § 524(c)); Chilcoat v. Minor (In re Minor), 115 B.R. 690, 694 (D. Colo. 1990) (holding that waiver of discharge in settlement agreement in litigation prior to bankruptcy filing was invalid for its failure to comply with § 524(c)); Marra, Gerstein & Richman v. Kroen (In re Kroen), 280 B.R. 347, 352-53 (Bankr. D. N.J. 2002) (stating that §

---

[1] Rule 9009, Fed. R. Bankr. P., prescribes the use of the Official Forms. The stipulation submitted by the Plaintiff here departs so far from the prescribed Official Forms that it cannot be said to be a valid reaffirmation agreement.

[2] There are two alternatives by which a Reaffirmation Agreement can be approved. First, if a debtor is represented by counsel, he may submit his lawyer's Affidavit on the prescribed form. See Official Form B240A, Part IV. If he is not represented by counsel, he may obtain the Court's approval pursuant to 11 U.S.C. § 524(c)(6). While the Debtor was represented by Montgomery lawyer Daniel Hamm in this case, Hamm specifically stated in court that he was not representing Mercer in this matter, which brings § 524(c)(6) into play. Thus, the agreement is not valid because it was not approved by the Court pursuant to § 524(c)(6).

524(c) is only mechanism to except debt from discharge and holding that prepetition settlement agreement which did not comply with § 524(c) was not enforceable).

### 4. Public policy bars the enforcement of prepetition stipulations of nondischargeability

It is well established that prepetition stipulations of nondischargeability are not enforceable. Lichtenstein v. Barbanel, 161 Fed. Appx. 461, 467-68 (6th Cir. 2005); The Bank of China v. Huang, 275 F.3d 1173, 1177 (9th Cir. 2002); Klingman v. Levinson, 831 F.2d 1292, 1296, n. 3 (7th Cir. 1987); Hayhoe v. Cole (In re Cole), 226 B.R. 647, 650 (9th Cir. B.A.P. 1998); In re Weitzen, 3 F. Supp. 698 (S.D. N.Y. 1933); The Infinity Group LLC v. Lucas (In re Lucas), 477 B.R. 236, 245-46 (Bankr. M.D. Ala. 2012); Rice Heitman & Davis, S.C. v. Sasse (In re Sasse), 438 B.R. 631, 646 (Bankr. W.D. Wis. 2010); Tamasco v. Nicholls (In re Nicholls), 2010 WL 5128627, at *2 (Bankr. E.D. N.Y. Dec. 10, 2010); Simmons Capital Advisors, Ltd. v. Bachinski (In re Bachinski), 393 B.R. 522, 532-33 (Bankr. S.D. Ohio 2008); Greensward, Inc. v. Cietek (In re Cietek), 390 B.R. 773, 779 (Bankr. N.D. N.Y. 2008); Hester v. Daniel (In re Daniel), 290 B.R. 914, 921-22 (Bankr. M.D. Ga. 2003); Kohlenberg v. Baumhaft (In re Baumhaft), 271 B.R. 517, 521 (Bankr. E.D. Mich. 2001); Airlines Reporting Corp v. Mascoll (In re Mascoll), 246 B.R. 697, 706-07 (Bankr. D. D.C. 2000); Markizer v. Economopoulos (In re Markizer), 66 B.R. 1014, 1018 (Bankr. S.D. Fla. 1986); Johnson v. Kriger, 2 B.R. 19, 22 (Bankr. D. Ore. 1979).

Were the law otherwise, such stipulations would be everywhere, in every contract and in every consent judgment. The protections of the Bankruptcy Code would be gutted. The policy

8

considerations are the same if the stipulation is made part of an otherwise valid judgment. E.g., Klingman, and In re Lucas, supra. The stipulation advanced by EFS here is unenforceable as it violates public policy.

### C. As the Plaintiff did not establish the elements of a fraud, its motion for default judgment is denied and its complaint is dismissed with prejudice

"A discharge under section 727 . . . does not discharge an individual debtor from any debt– . . . (2) for money, property, services . . . to the extent obtained by – (A) false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To establish the elements of a claim under § 523(a)(2)(A), a plaintiff must establish the elements of a common law fraud, which are:

1. The debtor made a false statements with the purpose and intention of deceiving the creditor.
2. The creditor relied on such false statement.
3. The creditor's reliance on the false statement was justifiably founded.
4. The creditor sustained damage as a result of the false statement.

Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996). The Plaintiff must prove the elements of a fraud with a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286-87, 111 S.Ct. 654, 659 (1991). In addition, exceptions to discharge are construed narrowly, in favor of the debtor. United States v. Mitchell (In re Mitchell), 633 F.3d 1319, 1327 (11th Cir. 2011). With these principles in mind, we will turn to the elements of the Plaintiff's claim.

9

Under the facts of this case, it does not appear that Mercer made a statement to EFS. To be sure, it was admitted in the state court proceeding that Mercer gave paychecks to his employees, knowing that they would not be paid. However, the act of writing a check, with nothing more, is not a statement. Williams v. United States, 458 U.S. 279, 284-285, 102 S.Ct. 3088, 309 (1982). Moreover, it was never explained to the Court in this case how EFS, a pawn broker, came to be in possession of the checks. If there were some sort of transactions between Mercer's employees and EFS, that was not explained. Even if a statement of some sort was made, it is not clear that EFS relied upon it to its detriment. How a pawn shop came to be in possession of payroll checks written by Mercer is a mystery. Moreover, there was no showing that EFS had suffered any loss. In the absence of any evidence–except for the stipulation discussed above–the Court is in the dark as to what actually happened here. As the burden of proof is on EFS, and because it has failed to carry its burden, the Court concludes that EFS has failed to prove its claim of actual fraud.

This case is similar in many respects to a case handed down by this Court in 1997. Checkcare Sys. v. Alexander (In re Alexander), 212 B.R. 993 (Bankr. M.D. Ala. 1997) (Gordon, B.J.). In Alexander, the plaintiff came into possession of checks which had been dishonored, brought suit in state court and obtained a money judgment in state court. This Court in Alexander ruled against the plaintiff, concluding that it had not proved that the debtor had received anything in exchange for the bad checks, or that the plaintiff had proven the element of justifiable reliance. Id. at 996. This Court's decision in Alexander stands for the proposition that a money judgment in state court on a bad check does not automatically translate into a judgment

10

of nondischargeability in bankruptcy court. To obtain a judgment of nondischargeability, the plaintiff must prove the elements of its cause of action.

Having concluded that the Plaintiff has not made its case here, the court must decide what to do. The Court could deny the motion for default judgment and set the matter for trial, however, the Court has already conducted three hearings. The first was a status hearing, which was held on April 9, 2013. At that hearing, the Court advised counsel for EFS that it expected to hear evidence on the underlying claim and that it would not accept the "Stipulation and Judgment" which was attached to the complaint. The matter was next set for hearing, specifically on the motion for default judgment, on May 7, 2013. At that hearing, counsel for EFS appeared bringing only the Stipulation and Judgment. The Court again advised that it would not accept the Stipulation and Judgment and that it expected to hear evidence in support of the underlying claim of nondischargeability. Counsel for EFS requested another setting, promising to bring a witness. The Court reset the hearing for May 21, 2013. At that hearing, EFS had a different lawyer, but no witness and no evidence, except for the Stipulation and Judgment. Counsel for EFS argued that its Stipulation and Judgment was sufficient and that it should be awarded judgment. The Court disagrees. As EFS has not carried its burden, and as it appears that it would be pointless to set the matter for year another hearing, the Court will dismiss the Plaintiff's complaint, with prejudice.

### III. CONCLUSION

A prepetition stipulation of nondischargeability is not binding, even where the stipulation is made part of a judgment. One seeking a determination that a debt owed to it is excepted from

11

discharge must prove the elements of the underlying cause of action. In this case, the Plaintiff offered no proof of the elements of a fraud. For this reason, the complaint will be dismissed with prejudice.

Done this 5th day of July, 2013.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: Zack M. Azar, Attorney for Plaintiff
   Thomas A. Mercer Jr.

12

Case 13-03031    Doc 13    Filed 07/05/13    Entered 07/05/13 14:05:07    Desc Main
                 Document      Page 12 of 12